CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 13 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TERESA A. CRAIG, | )
| Appellant, | ) Civil Action No. 4:19cv00048
| v. | ) **MEMORANDUM OPINION**
| CHARLES HUNTER BENDALL, et al., | ) By: Hon. Jackson L. Kiser
| | ) Senior United States District Judge
| Appellees. | )

This matter stems from an appeal of an adverse ruling by the bankruptcy court against Appellant Teresa Craig ("Craig"), the debtor in the bankruptcy action below. She seeks to stay the ruling of the bankruptcy court pending her appeal. The matter was briefed by the parties, and I heard oral argument on the motion to stay on March 10, 2020. I have reviewed the pleadings, arguments of the parties, and applicable law. For the reasons stated herein, I will grant the motion to stay pending appeal.

## I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Appellant Teresa Craig ("Craig") resides in a home on Virginia Avenue in Danville, Virginia ("the property"). On July 16, 2007, the property was deeded from Lucy Charles Bendall ("Mrs. Bendall")[1] to Charles E. Kober ("Kober"), and at that time, Kober signed a note that indebted him to Mrs. Bendall for $120,000.00. A deed of trust was docketed in Danville Circuit Court and is the only lien against the property.

---

[1] Mrs. Bendall died testate on September 5, 2018. Appellees Charles Hunter Bendall and Robert Paschall Bendall, III ("the Bendalls"), inherited the note from their mother upon her death.

On October 3, 2012, Kober transferred the property to Craig via quitclaim deed. Kober continued to make payments on the note until November 2018, when Kober defaulted and foreclosure proceedings were commenced.

Craig filed for bankruptcy and filed a Chapter 13 plan that allegedly proposed to modify the note on the property (a note to which she was not a party) under 11 U.S.C. § 1322. The plan provided that Craig would pay the Bendalls $420.61 per month until the property was sold or refinanced. Craig was to sell or refinance the property within twenty-four months of confirmation of her proposed plan, and the balance of the note was to be paid with the proceeds of the sale or refinancing. According to Craig, the Bendalls opposed the plan and filed an objection in the bankruptcy court, contending that its interest in the note and the property was not subject to the automatic stay, see 11 U.S.C. § 362 (2019). At a hearing on the objection, the Honorable Paul M. Black questioned whether the bankruptcy court had the authority to modify a note to which the debtor was not a party. Ultimately, Judge Black lifted the automatic stay and ordered that Craig sell the property or refinance the remaining balance on the note within 120 days, or the Bendalls could proceed with foreclosure. Craig appealed that ruling, and now seeks a stay pending her appeal of Judge Black's order lifting the automatic stay.

II.  **STANDARD OF REVIEW**

A district court has the power, under Fed. R. Bankr. P. 8007, to stay any order of the bankruptcy court pending appeal. "Indeed, failure to obtain a stay pending appeal may be fatal to an appeal under the doctrine of equitable mootness if intervening rights have vested." In re: Hoekstra, 268 B.R. 904, 906 (Bankr. E.D. Va. 2000) (citing Farmers Bank v. Kittay, 988

F.2d 498, 499 (4th Cir. 1993)). In determining whether a stay pending appeal is appropriate, the district court must examine: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "The first two factors 'are the most critical.'" Allen v. Fitzgerald for Region Four, 590 B.R. 352, 356 (W.D. Va. 2018) (quoting Nken v. Holder, 556 U.S. 418, 434 (2009)). Moreover, "[m]ore than a mere possibility of relief is required." Nken, 556 U.S. at 434 (internal quotations and citations omitted). "Similarly, the petitioner must show more than some possibility of irreparable injury." Allen, 590 B.R. at 356 (internal quotation and citation omitted).

### III. DISCUSSION

In reviewing the four Hilton factors, I find that Craig had made the requisite showings to warrant a limited stay pending appeal. There can be little doubt that, if Craig is unable to refinance her primary residence, a forced sale or foreclosure that removes her from her home would "irreparably injure" Craig.[2] Additionally, the Bendalls would not be injured by granting a brief stay pending this appeal.[3] By their own admission at the hearing on the motion to stay, they are receiving monthly payments from Craig equal to the monthly payments to which they

---

[2] At oral argument, the parties averred that only a matter of days remained on the 120-day clock ordered by Judge Black.

[3] Although the Bendalls assert that the property is devaluing due to Craig's lack of care and maintenance, the short stay necessary to resolve this appeal will not adversely affect their interests.

are entitled under the note. Likewise, the public interest lies in preserving the status quo and allowing Craig to avail herself of the rights afforded to her under the bankruptcy laws.

It is the first Hilton factor—likelihood of success on the merits—that is the closest question. Section 1322(b)(2) of Title 11 of the U.S. Code states:

> [The Chapter 13 plan] may . . . modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims . . . .

11 U.S.C. § 1322(b)(2) (2019) (emphasis added). This "anti-modification provision" was enacted by Congress "to encourage the flow of capital into the home lending market by reducing mortgagees' risk in Chapter 13 proceedings," Litton Loan Servicing, LP v. Beamon, 298 B.R. 508, 512 (N.D.N.Y. 2003) (internal quotation and citation omitted), and prohibits the bankruptcy court from affirming a plan that modifies the rights of a creditor whose only security is on the debtor's principal residence.

This case is complicated by the fact that, although the note held by the Bendalls is apparently *secured* by the property, Craig is not an *obligor* under that note. Because of this, Craig contends the bankruptcy court believed that it had no authority to order anything regarding the note (to which the debtor is not a party) or the property it encumbers.

In arguing that the bankruptcy court *can* exercise control over the disposition of the property as part of her Chapter 13 plan, Craig cites to Johnson v. Home State Bank, 501 U.S. 78 (1991), in which the U.S. Supreme Court held that a mortgage that survived discharge of the debtor's personal liability was still a "claim" subject to inclusion in an approved Chapter 13 reorganization plan. This, she argues, establishes that, even absent personal liability under

a mortgage, the *in rem* claim against a debtor's personal residence *is* subject to the bankruptcy court's authority, and that the bankruptcy court erred in modifying the automatic stay as it regards her home.

In the Johnson case, the debtor's personal liability under a promissory note was discharged under Chapter 7. Id. at 80. "Notwithstanding the discharge, the Bank's right to proceed against [the debtor] *in rem* survived the Chapter 7 liquidation. After the Bankruptcy Court lifted the automatic stay protecting [the debtor's] estate, the Bank reinitiated the foreclosure proceedings." Id. Before the foreclosure sale, the debtor filed for Chapter 13 protection and listed the Bank's mortgage as a claim against the bankruptcy estate. The Bank objected, but the Bankruptcy Court confirmed the plan which addressed the total value of the Bank's *in rem* judgment. See id. at 80–81. The Bank appealed that judgment, arguing "that the Code does not allow a debtor to include in a Chapter 13 plan a mortgage used to secure an obligation for which personal liability has been discharged in Chapter 7 proceedings . . . ." Id. at 81. The Supreme Court ultimately concluded that "the surviving mortgage interest is a 'claim' subject to inclusion in a Chapter 13 reorganization plan . . . ." Id. at 83. The Court stated:

> [W]e have no trouble concluding that a mortgage interest that survives the discharge of a debtor's personal liability is a "claim" within the terms of § 101(5). Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation" of the debtor.

> The Court of Appeals thus erred in concluding that the discharge of the petitioner's *personal liability* on his promissory notes constituted the complete termination of the Bank's *claim* against petitioner. Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.

Id. at 84. Based on the construction of the applicable code sections, the Court concluded the bankruptcy court "must allow the claim if it is enforceable against *either* the debtor *or* his property." Id.

Craig argues that, like the debtor in Johnson, although she has no personal liability under the note, the *in rem* action against her property is a claim that may be addressed by her Chapter 13 plan. Based on the foregoing, I believe Craig has made an adequate, preliminary showing that the *in rem* action against the property she owns could be a claim subject to the bankruptcy court's authority under 11 U.S.C. § 1322, and which is subject to the automatic stay, even if the bankruptcy court has no authority to adjust the note between Koder and the Bendalls. As such, she has shown a likelihood of success on the merits, and thus is entitled to a stay pending this appeal.[4]

## IV. CONCLUSION

Craig has made an adequate showing of all four Hilton factors, and thus is entitled to a stay of the bankruptcy court's order pending her appeal.

---

[4] This preliminary finding is, of course, no guarantee of *actual* success on the merits. The Bendalls will have a full and fair opportunity to litigate this point during the appeal.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 13th day of March, 2020.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE