CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 16 2020

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TERESA A. CRAIG, | ) |
| Appellant, | ) Civil Action No. 4:19cv00048 |
| v. | ) **MEMORANDUM OPINION** |
| CHARLES HUNTER BENDALL, et al., | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Appellees. | ) |

This matter stems from an appeal of a ruling by the bankruptcy court against Appellant Teresa Craig ("Craig"), the debtor in the bankruptcy action below. In March, I stayed the proceedings pending resolution of this appeal. The parties filed their respective briefs and submitted them without oral argument. I have reviewed the pleadings, arguments of the parties, and applicable law. For the reasons stated herein, I will dismiss this appeal for lack of jurisdiction.

**I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Appellant Teresa Craig ("Craig") resides in a home on Virginia Avenue in Danville, Virginia ("the property"). On July 16, 2007, the property was deeded from Lucy Charles Bendall[1] to Charles E. Kober ("Kober"); at that time, Kober signed a note that indebted him to Mrs. Bendall for $120,000.00. A deed of trust was docketed in Danville Circuit Court and is the only lien against the property.

---

[1] Mrs. Bendall died testate on September 5, 2018. Appellees Charles Hunter Bendall and Robert Paschall Bendall, III ("the Bendalls"), inherited the note from their mother upon her death.

On October 3, 2012, Kober transferred the property to Craig via quitclaim deed. Kober continued to make payments on the note until November 2018, when Kober defaulted and foreclosure proceedings were commenced.

Craig filed for bankruptcy and filed a Chapter 13 plan that allegedly proposed to modify the note on the property (a note to which she was not a party) under 11 U.S.C. § 1322. The plan provided that Craig would pay the Bendalls $420.61 per month until the property was sold or refinanced. Craig was to sell or refinance the property within twenty-four months of confirmation of her proposed plan, and the balance of the note was to be paid with the proceeds of the sale or refinancing. According to Craig, the Bendalls opposed the plan and filed an objection in the bankruptcy court, contending that its interest in the note and the property was not subject to the automatic stay, <u>see</u> 11 U.S.C. § 362 (2019).

The Honorable Paul M. Black, United States Bankruptcy Judge, held a hearing on the matter and entered an Order modifying the automatic stay. The Order read, in part:

> 1. The debtor shall . . . present to the Trustee and Movants' counsel either an executed contract of sale for the Property . . . or a written commitment for a loan in sufficient amount to satisfy the obligation to Movants in full. . . .
>
> 2. Debtor shall make regular monthly payments of the obligation originally incurred by Charles E. Kober (the "Note"), secured by the Property, in the amount of Eight Hundred Sixty-eight and 39/100 dollars ($868.39) to Movants; pay all premiums for fire and casualty insurance insuring the dwelling on the Property and maintain that insurance naming the Movants as additional insureds; and pay all real estate taxes for the City of Danville coming due.
>
> 3. . . .
>
> 4. In the event that any payment is untimely made, the Debtor fails to pay or maintain taxes or insurance, or Debtor fails to

> comply with the time limits described in paragraph 1, above, Movants shall be granted relief from the stay without the necessity of a hearing, provided that upon such default, Movants shall first give notice to Debtor, the Debtor's Attorney, and the Trustee, and docket such notice with the Bankruptcy Court for the Western District of Virginia in the above-referenced case. If, within fourteen (14) days after the notice of default is docketed with the Court, the delinquent payment(s) have not been made, or a response filed by the Debtor or the Trustee and scheduled for hearing, which hearing is to be held within thirty (30) days of the filing of the Notice of Default, an order may issue granting Movants full relief from the automatic stay of 11 U.S.C. § 362(a), with respect to the real estate at 151 Virginia Avenue, Danville, Virginia, Parcel Identification #20470, having a brief description of "50 Ft, part Nos. 13 and 15 Section 2", Danville, Virginia (the "Property").

Order, Case No. 19-61904 (W.D. Va. Br. Nov. 25, 2019) ("the November 25 Order"). Judge Black denied Craig's request for a stay pending appeal, and she filed her appeal in this court on December 6, 2019. I held a hearing on her Motion to Stay the November 25 Order on March 10, 2020, and granted a temporary stay pending resolution of her appeal on the merits. The parties filed their briefs and submitted the matter for resolution without argument. This matter is now ripe for review.

## II.   STANDARD OF REVIEW

In reviewing the decision of the bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous and review *de novo* the bankruptcy court's conclusions of law. See In re: Harford Sands, Inc., 372 F.3d 637, 639 (4th Cir. 2004).

## III. DISCUSSION

The Bendalls contend the November 25 Order is not a "final order," and thus not appealable. Section 158 of Title 28 of the United States Code sets forth what orders may be appealed from the bankruptcy court to the district court:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgment, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or deducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). There is no contention that this appeal concerns an interlocutory order issued under 11 U.S.C. § 1121(d), and Craig has not sought leave of court to appeal an interlocutory order under § 158(a)(3), so the question before the court is whether the November 25 Order is a "final judgment, order[], [or] decree . . . ."

An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Hudson v. Pittsylvania Cnty., 774 F.3d 231, 234 (4th Cir. 2014) (quoting United States v. Modanlo, 762 F.3d 403, 409 (4th Cir. 2014)). The "concept of finality" in bankruptcy proceedings "is more flexible than in ordinary civil litigation." In re: Fugazy, 982 F.2d 769, 775 (2nd Cir. 1992). To be a final order, a bankruptcy court's order "'must completely resolve all of the issues pertaining to a discrete

claim, including issues as to the proper relief.'" In re: Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000) (quoting Fugazy, 982 F.2d at 776); see also U.S. Dep't of Ag. v. Sexton, 529 B.R. 667, 673 (W.D. Va. 2015); First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC, 470 B.R. 364, 370 (E.D. Va. 2012).

Here, the November 25 Order was not final, as it did not resolve the issues concerning the Property. At most, it instructed Craig to re-finance the home and, if she failed to do so, permitted the Bendalls to follow the court's instructions to have the automatic stay lifted. The November 25 Order, as it is written, does not "end" anything; rather, it gives Craig a roadmap of how things *might* end, if certain, specific actions occur in a certain, specific order. The November 25 Order does not lift the automatic stay or permit the Bendalls to proceed with foreclosure at their will, and Craig does not contend the automatic stay has, actually, been lifted. In fact, the Order confirms that the stay has not been lifted, only modified. The stay will not be lifted unless certain events occur. Because the November 25 Order does not "completely resolve all of the issues pertaining to" the Property and the Bendalls request for relief from the automatic stay, the Order is not appealable. Until the bankruptcy court issues a final order that is appealable under 28 U.S.C. § 158(a), her recourse remains in the bankruptcy court.[2]

To be sure, "denial of relief from the automatic stay is a final, appealable order," Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 864 (4th Cir. 1991), but relief from the automatic stay is not what the November 25 Order does. Rather, it sets forth a set of circumstances that, if Craig fails to fulfill, will *result* in relief from the automatic stay. Unless

---

[2] Insofar as I have discretion to entertain this appeal as interlocutory, see 28 U.S.C. § 158(a)(3), I decline to exercise it.

and until such an order is entered, her appeal is premature. Cf. First Owners' Ass'n, 470 B.R. at 371.

### IV. CONCLUSION

Because the November 25 order was not a "final order," this court is without jurisdiction to entertain Craig's appeal. The temporary stay will be lifted, and Craig's appeal will be dismissed for lack of jurisdiction.

The clerk is directed to forward a copy of the Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 16th day of June, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE